IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Wanda H.,[1] | ) | Civil Action No.: 8:26-1465-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's ("Plaintiff") *pro se* complaint against the Commissioner of Social Security, wherein she asserts that she is entitled to Social Security retirement benefits. The record includes the report and recommendation ("Report") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.).

In the Report, which was filed on April 22, 2026, the Magistrate Judge outlined Plaintiff's prior civil actions as well as her claims in this case. After review, the Magistrate Judge explained that Plaintiff has not yet received a final decision of the Commissioner, such that this action is subject to dismissal as premature because Plaintiff has not exhausted her administrative remedies. (ECF No. 4 at 11-13.) Additionally, the Magistrate Judge explained that Plaintiff's claims are subject to dismissal because they are premised on a frivolous legal theory, i.e., the "sovereign citizen" theory. (*Id.* at 13-15.)

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in Social Security cases, federal courts should refer to claimants only by their first names and last initials.

date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record and the findings and recommendations of the Magistrate Judge for clear error. Finding none, **the Court hereby adopts and specifically incorporates the Report (ECF No. 4), and the Court summarily dismisses this action without prejudice, thereby mooting the Commissioner's motion to dismiss (ECF No.6).**

**IT IS SO ORDERED**.

/s/Bruce H. Hendricks
United States District Judge

May 29, 2026
Charleston, South Carolina

2